IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BRIAN AHAKUELO (01); )<br>MARILYN AHAKUELO (02); )<br>JENNIFER ESTENCION, aka )<br>Jennifer Rivera (03), )<br>)<br>Defendants. )<br>_____) | Crim. No. 19-00114 HG-KJM |

**ORDER DENYING DEFENDANT JENNIFER ESTENCION'S MOTION IN LIMINE #1 TO PERMIT CROSS EXAMINATION REGARDING PENALTY AND PUNISHMENT (ECF No. 151)**

On September 16, 2022, Defendant Jennifer Estencion filed a Motion in Limine requesting that her counsel be able to cross-examine the Government's cooperating witnesses (Michael Brittain, Lee Ann Miyamura, Daniel Rose, and Russell Yamanoha) about their potential sentences, including the potential sentences and charges they may have faced prior to pleading guilty.

On September 26, 2022, the Government filed its Opposition. (ECF No. 182).

On October 3 and 6, 2022, the Court held hearings on the Motion. (ECF Nos. 197, 213).

Defendant Jennifer Estencion's Motion in Limine #1 (ECF No. 151) is **DENIED.**

1

**ANALYSIS**

Trial courts may limit cross-examination of a Government witness where the inquiry:

(1) is of little relevance;

(2) may mislead the jury or cause confusion;

(3) is outweighed by other legitimate interests; and,

(4) is not necessary for the jury to properly assess the credibility of the witness.

Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); United States v. Sua, 307 F.3d 1150, 1153 (9th Cir. 2002).

Trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination of witnesses. United States v. Larson, 495 F.3d 1094, 1102 (9th Cir. 2007) (en banc). Limits may be placed on "cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Van Arsdall, 475 U.S. at 679.

The United States Supreme Court has explained that "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense may wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (per curiam).

> 1. **Cross-Examination About Hypothetical Sentences Or Charges That Cooperating Witnesses May Have Faced Prior To Engaging In Plea Negotiations Is Not Permitted**

The Ninth Circuit Court of Appeals addressed the issue of limitations on the cross-examination of a cooperating witness in United States v. Larson, 495 F.3d 1094, 1103 (9th Cir. 2007) (en banc).  In Larson, the district court limited defense counsel's cross-examination of one of the cooperating witnesses.  Id.  The trial court allowed defense counsel to adequately explore the cooperating witness's motivation to lie.  Id.  The trial court ruled that further inquiry regarding the witness's potential sentence was irrelevant.  Id.

Upon review by the Ninth Circuit Court of Appeals en banc in the Larson case, the appellate court found that the defendant's Confrontation Clause rights were not violated.  The appeals court explained that the cooperating witness testified that she had pleaded guilty and agreed to cooperate with the Government in exchange for a motion to reduce her sentence.  Id.  The cooperating witness acknowledged that only the Government had the authority to make such a motion, and she acknowledged that she faced at least five years in prison.  Id.

Here, Defendant Estencion has not established any probative value for informing the jury about any hypothetical sentences the Government's witnesses may have faced prior to engaging in negotiations with the Government and pleading guilty.

A court may exclude evidence if its probative value is substantially outweighed by a danger of juror confusion. Fed. R. Evid. 403. Evidence about the Government witnesses' potential sentences that they could have faced absent plea agreements with the Government may lead to juror confusion and mislead the jury. United States v. Farrar, 2022 WL 212835, *2 (9th Cir. Jan. 24, 2022) (explaining that the district court did not abuse its discretion in precluding the defendant from cross-examining the government cooperating witness about the sentence the witness believed he was facing prior to pleading guilty).

Defendant Estencion seeks to inquire about hypothetical sentences the cooperating witnesses may have faced absent their cooperation with the Government. Any cross-examination about hypothetical sentences or charges the Government's witnesses possibly could have faced have no basis in fact and would unduly confuse the jury. Larson, 495 F.3d at 1106-07; Sua, 307 F.3d at 1153; United States v. Rivera-Rodriguez, 617 F.3d 581, 592-93 (1st Cir. 2010).

Inquiries into the witnesses' motivations to testify and to cooperate are relevant, but inquiries into sentencing guidelines, mandatory minimums, and possible charges or sentencing ranges are not probative, unduly prejudicial, confusing to the jury, and are not permitted. Van Arsdall, 475 U.S. at 679; see United States v. Rushin, 844 F.3d 933, 939 (11th Cir. 2016); United States v.

Trent, 863 F.3d 699, 704-06 (7th Cir. 2017).

### 2. Cross-Examination Of The Government Cooperating Witnesses' About Their Potential Sentences Is Not Permitted

The Confrontation Clause guarantees criminal defendants the right to cross-examine government witnesses regarding their biases and motivations to lie, but trial judges retain wide latitude to impose reasonable limits on such cross-examination. United States v. Nickle, 816 F.3d 1230, 1235 (9th Cir. 2016). Limitations may be imposed where other legitimate interests outweigh the defendant's interest in presenting the evidence and the jury receives sufficient information to assess the witness's credibility. United States v. Beardslee, 197 F.3d 378, 383 (9th Cir. 1999). One such limitation exists to prevent inquiry into the witnesses' possible sentences due to possible jury nullification. "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991).

Here, the Government witnesses may be cross-examined about their understandings as to the benefits they may have received from their plea agreements, but Defendants are not permitted to inquire with the Government's cooperating witnesses about their possible sentences. Nickle, 816 F.3d at 1235.

The United States Supreme Court has explained that "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." Shannon v. United States, 512 U.S. 573, 579 (1994).

Defendants may not inquire with cooperating witnesses as to the maximum sentences they face.  The Ninth Circuit Court of Appeals stated in Larson that cross-examination regarding the potential maximum sentence that a witness faces is properly prohibited by a trial court, because the information may lead to jury confusion and is only "marginally relevant."  Larson, 495 F.3d at 1106.

### 3. Evidence Of Co-Conspirators' Potential Sentences May Inappropriately Influence The Jury And Is Not Permitted

There is an added risk of jury nullification when the cooperating witness is part of the same conspiracy.  Larson, 495 F.3d at 1105.

Here, the Government's cooperating witnesses, Michael Brittain, Lee Ann Miyamura, Daniel Rose, and Russell Yamanoha, were not charged in the Indictment in this case.  Defendant Estencion, however, refers to the Government cooperating witnesses as "co-conspirators."  (Def. Motion at pp. 3-4, ECF No. 151).

The Government witnesses, Brittain, Miyamura, Rose, and Yamanoha, are charged in an Information for a conspiracy of making false entries in records kept by a labor union in violation of 29 U.S.C. § 439(c) and 18 U.S.C. § 371.  The conspiracy charge was from January 26, 2015 to January 30, 2015, a total of four days.  (Information in 19-cr-00115 RT).

The Defendants here are charged in the Indictment with a conspiracy spanning five years, from at least June 2011 through May 2016.  The charged conspiracy in the Indictment is to commit wire fraud and embezzlement in violation of 18 U.S.C. § 1343, 29 U.S.C. § 501(c) and 18 U.S.C. § 371.  Brittain, Miyamura, Rose, and Yamanoha are not charged in the case before the Court here.

Even if the Government witnesses were co-conspirators, examination about potential sentences of co-conspirators is particularly prejudicial because it may lead to jury nullification.  Larson, 495 F.3d at 1105; United States v. Alvarez, 987 F.2d 77, 82-83 (1st Cir. 1993); United States v. Pressley, 654 Fed. Appx. 591, 592 (4th Cir. 2016) (per curiam).

Defendant may properly inquire with the Government witnesses about their understanding as to the benefit of their cooperation with the Government and their motivation for testifying. Evidence of their presentence reports and plea agreements and cross-examination concerning their guidelines calculations and possible sentences is not permitted.  United States v. Williams,

39 Fed. Appx. 541, 542 (9th Cir. 2002). Evidence that the cooperating witnesses entered into a plea bargain with the Government provides Defendants with a basis to apprise the jury of the biases and motivations of the witnesses. Larson, 495 F.3d at 1106-07; Sua, 307 F.3d at 1153; Trent, 863 F.3d at 706.

## CONCLUSION

Defendant Jennifer Estencion's Motion in Limine #1 (ECF No. 151) is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 12, 2022.

Helen Gillmor
United States District Judge

United States v. Ahakuelo, et al., Criminal No. 19-00114 HG-KJM; **ORDER DENYING DEFENDANT JENNIFER ESTENCION'S MOTION IN LIMINE #1 TO PERMIT CROSS EXAMINATION REGARDING PENALTY AND PUNISHMENT (ECF No. 151)**